IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re:

PLANT INSULATION COMPANY,

       Debtor.
_____/

UNITED STATE FIDELITY AND
GUARANTY COMPANY, *et al.*,

       Appellants,

   v.

OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF PLANT
INSULATION CO., *et al.*,

       Appellees.
_____/

No. C 13-01666 RS

**ORDER GRANTING MOTIONS TO DISMISS**

## I. INTRODUCTION

    In this asbestos bankruptcy matter, appellants United States Fidelity and Guaranty Company and certain other insurers of debtor Plant Insurance Company have appealed an order approving a settlement agreement, issued by the United States Bankruptcy Court for the Northern District of

California. The settlement required the ACE Entities[1] to place $53 million in escrow, later to be paid to the Plant Insulation Company Asbestos Settlement Trust, in exchange for the release of all asbestos claims and designation as "Settling Asbestos Insurers" under the reorganization plan approved by the Bankruptcy Court. Appellees, including the Official Committee of Unsecured Creditors of Plant Insulation Company, the Bankruptcy Court-appointed Futures Representative, and the Plant Insulation Company Asbestos Settlement Trust, move to dismiss the instant appeal on the grounds that it is statutorily moot under 11 U.S.C. § 363(m).[2] Appellants oppose the motion. In consideration of the briefing, and for all the reasons set forth below, the motion must be granted.

## II. BACKGROUND

The factual and procedural background of the underlying bankruptcy case from which the instant appeal derives is detailed in an order affirming the Bankruptcy Court's proposed reorganization plan. *See In re Plant Insulation Co.*, No. C 12-01887, Dkt. No. 109 (N.D. Cal. 2012). That history need not be repeated here. Instead, for purposes of adjudicating the present motion to dismiss, it is sufficient to note the following.

Plant, once a prominent supplier of asbestos-related products, filed for bankruptcy under chapter 11. The appellees advanced a reorganization plan that was eventually confirmed by the Bankruptcy Court, and affirmed by this Court, pursuant to § 524(g).[2] That provision of the Bankruptcy Code, which is available in asbestos-related bankruptcies only, authorizes the creation of a trust dedicated to paying the debtor's liabilities on an equitable basis, and the issuance of

---

[1] The ACE Entities are the ACE Fire Underwriters Insurance Company, ACE Property & Casualty Insurance Company, Pacific Employers Insurance Company, and other ACE-affiliated insurance companies.

[2] Appellees joined in filing this motion.

[3] Appellants appealed the Bankruptcy Court's plan confirmation order (hereinafter "Confirmation Order") to this Court, which affirmed the reorganization plan in October 2012. *In re Plant Insulation Co.*, No. C 12-01887, Dkt. No. 109.

NO. C 13-0166 RS

ORDER

2

injunctive relief to protect settling insurers that make contributions to the trust.[3] In this particular case, the reorganization plan is structured as follows: in exchange for settlement payments to the trust, injunctive relief is issued in favor of Plant's settling insurers, such as the ACE Entities, releasing them from liability for claims advanced by the personal injury claimants, as well as equitable contribution claims advanced by non-settling insurers. In order for an insurer to obtain the "Settling Asbestos Insurer" designation, the plan dictates that prior to a specified date,[4] the settling parties must obtain Bankruptcy Court approval, "after notice and hearing," of the proposed settlement.

One week prior to the plan's deadline, Plant notified the Bankruptcy Court that it had reached a settlement agreement with the ACE Entities. Under the agreement, the ACE Entities promised to pay $53 million into escrow in exchange for releases of all asbestos claims, a bill of sale conveying the insurance policies issued by the ACE Entities, and designation as settling insurers under the reorganization plan. Seeking to obtain court approval prior to the plan deadline, the settling parties successfully moved to shorten time for notice and hearing on the settlement motion, which was argued one day prior to the plan deadline on October 23, 2012. Appellants objected to the motion.

Following the hearing, the Bankruptcy Court entered an order (hereinafter the "Settlement Order") approving the settlement and sale between Plant and the ACE Entities. At the suggestion of the settling parties, the order included a series of reconsideration procedures by which any objecting party could later request the Bankruptcy Court revisit its approval of the settlement. The order also

---

[4] For a more detailed discussion of § 524(g), see the order affirming the Bankruptcy Court's confirmation of the plan. *In re Plant Insulation Co.*, No. C 12-01887, Dkt. No. 109 (N.D. Cal. 2012).

[5] The plan designates the settlement deadline (or "Outside Date") as fifteen calendar days following affirmance of the Bankruptcy Court's confirmation order. Accordingly, following this Court's October 9, 2012 order, the settlement deadline was October 24, 2012.

gave the appellants the right to take discovery and put on evidence *de novo* in connection with their objection to the settlement and sale. Pursuant to these procedures, appellants filed a motion with the Bankruptcy Court for reconsideration of the Settlement Order, arguing, *inter alia*, that the settlement improperly circumvented the terms of the reorganization plan. The Bankruptcy Court denied the reconsideration motion in March 2013.

Appellants appealed, seeking reversal of the Settlement Order. Appellants did not, however, seek or obtain a stay pending appeal. Accordingly, the settling parties proceeded to engage in the transactions set out in the October 2012 agreement: ACE transferred $53 million into escrow and the Settlement Trust issued a bill of sale conveying the relevant insurance rights to the ACE Entities. Additionally, ACE dismissed its appeal of the Confirmation Order.

## III. DISCUSSION

A. Sections 363 and 524(g)

Section 363(f) of the Bankruptcy Code permits the trustee to "sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate," provided certain conditions are met. Here, the Bankruptcy Court invoked § 363(b) in authorizing the sale in its order. Appellees maintain the instant appeal from that order is statutorily moot under 11 U.S.C. § 363(m) and must be dismissed with prejudice. Section 363(m) provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

The Ninth Circuit has repeatedly explained that, under § 363(m), "[w]hen a sale of assets is made to a good faith purchaser, it may not be modified or set aside unless the sale was stayed pending appeal." *In re Filtercorp, Inc.*, 163 F.3d 570, 576 (9th Cir. 1998); *see also In re Ewell*, 958 F.2d 276, 282 (9th Cir. 1992).

This Court recently considered the applicability of § 363(m) to a different appeal of a Plant-related settlement, explaining that under the foregoing authorities, "two requirements are discernible

NO. C 13-0166 RS
ORDER

4

for § 363(m) to render an appeal moot: (1) the sale must be authorized under subsection (b) or (c) of § 363, and (2) the purchase must be consummated in good faith by the purchaser. An exception applies if a stay is obtained pending appeal." *ACE Fire Underwriters Ins. Co. v. Plant Insulation Co.,* Case Nos. 12-03793 and 12-04139 (N.D. Cal., Oct. 9, 2012), Order Granting Motion to Dismiss, p. 5, 1. 7-10 (hereinafter "Allianz Order").

Appellees urge dismissal because both criteria are met: the Bankruptcy Court authorized the sale under § 363(b), and the ACE Entities entered into the purchase agreement in good faith. That appellants did not obtain a stay pending appeal is uncontested. Appellees therefore reason the appeal is moot under § 363(m). *See In re Thorpe Insulation*, No. C 11-0668, 2011 WL 1378537 (C.D. Cal. Apr. 11, 2011) (dismissing as moot appeal under § 363(m)). Appellants raise several arguments in opposition to the motion, some of which echo contentions found unpersuasive in the Allianz Order.

B. Applicability of § 363(m)

Appellants first respond that § 363(m) may not be invoked because the sale to ACE Entities has not been "finally consummated" under the terms of the settlement agreement. They emphasize that although the ACE Entities transferred the $53 million escrow payment in exchange for a bill of sale of the relevant insurance rights, the transaction is nonetheless subject to being unwound if either the Confirmation Order or the Settlement Order is reversed on appeal. Upon the occurrence of either condition, the ACE Entities have the option, "in their sole discretion," to terminate the settlement agreement and unwind the aforementioned transaction, prompting a return of the escrow funds in exchange for restoration of the parties' pre-sale insurance interests. (Settlement and Sale Agreement, § VII.A; Binding Term Sheet, ¶ 20).

Section 363(m), however, "does not require the purchaser to take irreversible steps consummating the sale[.]" *In re Exennium, Inc.,* 715 F.2d 1401, 1404 (9th Cir. 1983); *see also In re Onouli-Kona Land Co.*, 846 F.2d 1170, 1172 (9th Cir. 1988) ("In support of the policy of finality, we have applied the mootness rule regardless of whether a purchaser has taken irreversible steps

following the sale."); *In re Southwest Products, Inc.,* 144 B.R. 100, 105 (B.A.P. 9th Cir. 1992) ("The fact that the sale may not be fully consummated does not prevent a determination that the appeal is moot because section 363(m) does not require the purchaser to take irreversible steps consummating the sale before the absence of a stay will render an appeal moot."). Accordingly, that the ACE Entities retain a redemption option, conditional upon reversal of the aforementioned Bankruptcy Court orders, does not render § 363(m) inapplicable. It is enough that the parties have already carried out the transactions required under the settlement agreement: the ACE Entities transferred the entire $53 million into escrow; the Trust issued a bill of sale conveying the relevant insurance rights; the ACE Entities dismissed their appeal of the plan Confirmation Order; and Plant, the Trust, and related parties released the ACE Entities from all claims.

Appellants point to one case in which the Bankruptcy Appellate Panel refused to dismiss an appeal on mootness grounds where the transfer of a lease was conditioned on the outcome of a pending appeal. *See In re Victoria Station Inc.*, 88 B.R. 231, 234-35 (9th Cir. B.A.P. 1998). In that case, the parties agreed that if the Bankruptcy Court's sale order was overturned on appeal, the assignee, who had already assumed the lease premises, would remain in possession of the property and pay a lower rental rate. *Id.* at 234-35. Relying on *Matter of CADA Investments, Inc.*, 664 F.2d 1158, 1160 (9th Cir. 1981), a case decided prior to the enactment § 363(m), the Panel reasoned that mootness principles should not apply when the third party's interest is "expressly conditioned" on the outcome of an appeal. 88 B.R. at 234. Appellees are correct, however, to note that the decisions of the Bankruptcy Appellate Panel are not binding on this Court. Further, since *CADA Investments* was decided, the Ninth Circuit has made clear that statutory mootness under § 363(m) "does not require the purchaser to take irreversible steps consummating the sale, thus making its overturning a hardship to the buyer." *Exennium*, 715 F.2d at 1404; *see also In re Rimoldi*, 172 F.3d 876 (9th Cir. 1999) ("*CADA* [*Investments*] involved application of the 'judicial' mootness rule, which was developed before section 363(m)'s enactment and is applied only when section 363(m) is not applicable."). Accordingly, appellants' use of *Victoria Station* is unavailing.

No. C 13-0166 RS

ORDER

Appellants also argue that § 363(m) does not apply because their appeal, which challenges the ACE Entities' designation as "settling insurers," does not oppose the terms of the sale itself. A similar contention was made, and ultimately rejected, in the Allianz Order, where the appellants argued that the Allianz Companies' designation as settling insurers did not fall within the terms of § 363(m). In issuing that order, this Court determined that between two divergent lines of authority – one paved by the Eighth Circuit and another by the Ninth Circuit Bankruptcy Appellate Panel – the circuit court's "more persuasive" approach left "no real question" that § 363(m) applied to the settling insurers designation under the Plant reorganization plan. *See* Allianz Order, 7-9; *Compare In re Trism, Inc.*, 328 F.3d 1003, 1007 (8th Cir. 2003), *and Clear Channel Outdoor, Inc. V. Knupfer (In re PW, LLC)*, 391 B.R. 25, 35-37 (B.A.P. 9th Cir. 2008). Here, as in the Allianz Order, appellants' argument must fail under *Trism*'s reasoning: because the designation of ACE Entities as settling insurers is "integral" to the sale authorized under § 363(b), the doctrine of statutory mootness applies to this appeal, barring a showing by appellants that the purchase was not consummated in good faith. *See* Allianz Order at 9.

B. Good Faith

The appellants do not contest the Bankruptcy Court's factual finding that the ACE Entities were good faith purchasers. Accordingly, the second requirement for statutory mootness under § 363(m) is fulfilled. *See* Allianz Order at 5; *In re Filtercorp, Inc.*, 163 F.3d at 576.

C. Stay Pending Appeal

With both prongs of § 363(m) satisfied here, appellants' only avenue for avoiding dismissal would have been the obtainment of a stay pending their appeal of the settlement order. *See* Allianz Order at 5; *In re Filtercorp, Inc.*, 163 F.3d at 576. They did not, however, seek a stay pending appeal.

V. CONCLUSION

Because § 363(m)'s requirements are met, these appeals are dismissed as moot.

No. C 13-0166 RS

ORDER

7

IT IS SO ORDERED.

Dated: 9/12/13

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE